No. 23-1042

_____

In the
UNITED STATES COURT OF APPEALS
for the EIGHTH CIRCUIT

_____


SARAH FELTS,
Plaintiff/Appellee,

v.

MEGAN E. GREEN, in her official capacity as President of the Board of
Aldermen of the City of St. Louis,
Defendant/Appellant.

_____

On Appeal from the United States District Court
Eastern District of Missouri, Eastern Division
The Honorable John A. Ross, District Judge

_____


BRIEF OF APPELLANT
_____


SHEENA HAMILTON
CITY COUNSELOR

By: */s/ Brandon Laird*
Brandon Laird 65564 MO
Associate City Counselor
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
Telephone: 314-622-3361
Facsimile:  622-4956
lairdb@stlouis-mo.gov

## Summary of the Case

Appellant is the City of St. Louis, pleaded as Megan Green, the current President of the Board of Alderman, in her official capacity. The relevant actions were taken by Lewis Reed, the former president of the St. Louis Board of Alderman. President Reed opened a Twitter Account without the use of any City resources. In 2020, Mr. Reed blocked from his Twitter account an account for the Appellee, Sarah Felts. He did so because he felt that the use of a term was inappropriate.

Ms. Felts brought this lawsuit claiming violations of her First Amendment rights, claiming that the account run by Mr. Reed was the official account of the office of the President of the Board of Alderman. The City is appealing a verdict awarded on behalf of Ms. Felts for a nominal damage and injunctive relief.

The City requests 10 minutes of oral argument.

Appellate Case: 23-1042     Page: 2     Date Filed: 04/13/2023 Entry ID: 5265112

# Table of Contents

Summary of the Case ................................................................................ ii

Table of Contents ................................................................................ iii

Table of Authorities ............................................................................ iv

Jurisdictional Statement ...................................................................... 1

Statement of the Issues ...................................................................... 2

Statement of the Case ........................................................................ 3

SUMMARY OF THE ARGUMENT ...................................................... 5

ARGUMENT .......................................................................................... 6

I.            There was no action by the City that led to a violation of
             the  Plaintiff's First Amendment Rights ............................ 6

CERTIFICATE OF SERVICE .............................................................. 13

CERTIFICATE OF COMPLIANCE ...................................................... 14

Appellate Case: 23-1042     Page: 3     Date Filed: 04/13/2023 Entry ID: 5265112

## Table of Authorities

**Cases**

*Andrews v. Fowler*, 98 F.3d 1069 (8th Cir. 1996)................................7

*Bernini v. City of St. Paul,* 665 F.3d 997 (8th Cir. 2012)......................10

*Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397(1997).......................7

*City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988)............................8

*Corwin v. City of Independence*, 829 F.3d 695 (8th Cir. 2016)...............7

*Danielson v. Huether,* 355 F. Supp. 3d 849 (D.S.D. 2018)....................7

*Greensboro Pro. Fire Fighters Ass'n, Loc. 3157 v. City of Greensboro*, 64

F.3d 962 (4th Cir. 1995).........................................................9

*Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989)............................5

*Monell v. Dept. of Soc. Servs.* 436 U.S. 658 (1978)....................2, 5, 6, 11

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).........................2, 9

*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009).................8

*Snider v. City of Cape Girardeau,* 752 F.3d 1149 (8th Cir. 2014).............7

*Stockley v. Joyce*, 963 F.3d 809 (8th Cir. 2020)............................2, 10

*Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 885 (8th Cir. 1998)..............6

**Statutes**

42 U.S.C. § 1983....................................................1, 6, 9

42 U.S.C. § 1331.........................................................1

iv

28 U.S.C. § 1291………………………………………………………………...…..1

## St. Louis City Charter

*See* Art. IV, Sec. 23………………………………………………….……11

v

## Jurisdictional Statement

This is an appeal from a final order and judgment of the U.S. District Court for the Eastern District of Missouri on a federal claim following a bench trial. Plaintiff's complaint arose under 42 U.S.C. § 1983. The District Court below had original jurisdiction under 42 U.S.C. § 1331. A final order judgment disposing of all claims was entered in the District Court by the Hon. John A. Ross in favor of Plaintiff on December 9, 2022. Appellant City timely filed its appeal within thirty days on January 6, 2023. (R. Doc. 176) There are no claims or issues left for the District Court to resolve. Appellant City invokes this Court's jurisdiction under 28 U.S.C. § 1291.

Appellate Case: 23-1042    Page: 6    Date Filed: 04/13/2023 Entry ID: 5265112

## Statement of the Issues

I.      Whether the District Court erred in finding in favor of the
Plaintiff on her First Amendment claim against the City because the
account that Mr. Reed created was not a City account and not
controlled by the City, therefore no liability can be established under
*Monell.*

> *Monell v. Dept. of Soc. Servs.* 436 U.S. 658 (1978)
>
> *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)
>
> *Stockley v. Joyce*, 963 F.3d 809 (8th Cir. 2020)

Appellate Case: 23-1042    Page: 7    Date Filed: 04/13/2023 Entry ID: 5265112

## Statement of the Case

### Procedural History

Plaintiff Sarah Felts filed this case in 2020. She asserted a claim that her First Amendment Rights were violated when Mr. Reed blocked her on his Twitter account. After the close of discovery, both parties moved for summary judgment. (R. Doc. 75, R. Doc. 79). Both motions were denied. The parties then proceeded to a bench trial. (App. 10, R. Doc. 101). After the bench trial, both parties submitted proposed findings of facts and conclusions of law. (R. Doc. 156-162). The Court entered its findings of fact and conclusions of law finding in favor of the Plaintiff on December 9, 2022. (App. 373, R. Doc. 167).

### Facts

Lewis Reed was the President of the St. Louis Board of Alderman from 2007 until June 7, 2022. (App. 376, R. Doc. 167, at 3). Plaintiff Sarah Felts is a resident of the City of St. Louis and a political activist. (App. 376, R. Doc. 167, at 3) Ms. Felts had a twitter account and communicated with President Reed and other public officials through that account. (App. 252, R. Doc. 154, at 62). Mr. Reed established his Twitter page in 2009. (App. 377, R. Doc. 167, at 4). He created his

3

Twitter page to "put out information for people to… let them know what I'm up to." (App. 377, R. Doc. 167, at 4). Mr. Reed created his account in 2009. (App. 070, R. Doc. 159-1, at 25). Over the years, Mr. Reed has changed his Twitter handle to include @PresReed, @Reed4Mayor, @ReedForMayorSTL, and @LewisReedSTL. (App. 377, R. Doc. 167, at 4).

Mr. Reed's Twitter handle changed anytime he was in the middle of a campaign for Mayor. (App. 377, R. Doc. 167, at 4). Mr. Reed used his Twitter account to post campaign photos and campaign content. (R. Doc. 145-1, R. Doc. 80-1, at 53-55). Mr. Reed also used his Twitter feed to highlight how he was keeping his campaign promises. (App. 046, R. Doc. 159-1, at 64). At one point, Mr. Reed's Twitter account was embedded on his official webpage as the President of the Board of Alderman. (App. 316-319, R. Doc. 154 at 127-29). It was done at the request Mary Goodman, a staffer of Mr. Reed. (App. 318, R. Doc. 154 at 128). Mr. Reed did not ask Ms. Goodman to have the Twitter feed embedded. (App. 125, R. Doc. 154, at 128). As soon as Ms. Goodman had informed Mr. Reed about this, he ordered her to take the Twitter feed down. (App. 319, R. Doc. 154 at 129).

4

On January 26, 2019, a Twitter account with the handle @ActionSTL issued a tweet about a statement made earlier in the day by Mr. Reed regarding the close of the workhouse. (App. 376, R. Doc. 167, at 4). Ms. Felts responded by stating, on her Twitter page "what do you mean by 'change the messaging around #CloseTheWorkhouse,' @PresReed? #STLOA #aldergeddon2019 #WokeVoterSTL. (App. 377, R. Doc. 167, at 5). In response, Mr. Reed blocked Ms. Felts from his Twitter page, meaning that she could no longer view Mr. Reed's Tweets or interact with his account. (App. 377, R. Doc. 167, at 5).

## SUMMARY OF THE ARGUMENT

The District Court should be reversed because Mr. Reed was not a final decisionmaker for the City of St. Louis such that his unilateral decision to block a Twitter user is a policy of the City of St. Louis. The President is an officer of the Board of Alderman; it is not an independent division or department of the City. Because the president of the Board of Alderman is not a final policymaker for the City, there is no *Monell* liability against the City, and the judgment below should be reversed.

5

ARGUMENT

I. **There was no action by the City that led to a violation of the Plaintiff's First Amendment Rights**

    **a. Standard of Review**

"[T]he identification of those officials whose decisions represent the official policy of the local governmental unit is itself a legal question to be resolved by the trial judge." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). Because this is a question of law, the appropriate standard of review is *de novo. Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 885 (8th Cir. 1998).

    **b.  Lewis Reed did not have the final decisionmaking authority for the Board of Alderman to make official policy through his action of blocking Ms. Felts.**

A corporation acting under color of state law will only be held liable under section 1983 for its own unconstitutional policies. *Monell v. Dept. of Soc. Servs.* 436 U.S. 658, 690 (1978). A municipality may not be held liable for an injury solely by its employees or agents. *Id.* Rather, the action must be the execution of a government's policy or a well-established custom that causes the injury for liability to be imposed to the municipality. *Id.* "[C]ongress did not intend to impose liability on a

6

municipality unless deliberate action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 400 (1997).

"Policy and custom are not the same thing. [A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence*, 829 F.3d 695, 699-700 (8th Cir. 2016)(internal quotation omitted. [A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
> (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct;
> and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Id.* at 700(*citing Snider v. City of Cape Girardeau,* 752 F.3d 1149, 1160 (8th Cir. 2014)). There must exist a prior pattern of unconstitutional conduct that is so "persistent and widespread" as to have the effect and force of law. *Andrews v. Fowler*, 98 F.3d 1069, 1074-75 (8th Cir. 1996).

7

To prove such a custom exists, there must be evidence of a pattern of prior similar conduct. *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009). ("A pattern requires similarity and specificity; [p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question."); *See also Danielson v. Huether,* 355 F. Supp. 3d 849, 875 (D.S.D. 2018.)

Plaintiff, here, has not cited any other incidents or events, so she must be pleading that the violation is a municipal policy. (*See* App. 014, R. Doc. 101, at 5). So the Plaintiff must be pleading that the City has a policy of taking such unconstitutional actions. Because she has not attempted to show that there is an official city policy, so she must be attempting to show that a policymaker of the City, who had the authority to establish official policy. "...the authority to make municipal policy is necessarily the authority to make *final* policy." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

The evidence is not sufficient to demonstrate that Mr. Reed, acting in his official capacity, established a final policy for the City. The District Court erred in stating that Mr. Reed, as the "final decisionmaker for communications for the Office of the President," equates his decisions to

8

policy for the City. (*See* App. 383, R. Doc. 167, at 11). The unilateral action to block Ms. Felts from his Twitter page does not establish a policy of the City of St. Louis, even if Mr. Reed can be held to be a final policymaker for the City.

> Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion.

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–82 (1986). "[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id* at 483. The Fourth Circuit accurately explained this in a 1995 case, "[t]he discretion to hire and fire does not necessarily include responsibility for establishing related policy." *Greensboro Pro. Fire Fighters Ass'n, Loc. 3157 v. City of Greensboro*, 64 F.3d 962, 966 (4th Cir. 1995). The Eighth Circuit stated that an individual charging decision by the elected prosecuting attorney does not make City policy. *Stockley v. Joyce*, 963

9

F.3d 809, 823 (8th Cir. 2020)("However, Joyce's decision to terminate the FIU investigation and charge Stockley was not a "guiding principle or procedure." Instead, it was an individual charging decision based upon a particular set of facts supported by arguable probable cause."); *see also Bernini v. City of St. Paul,* 665 F.3d 997, 1008 (8th Cir. 2012)(But that Neuberger had "discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion."). That Lewis Reed has the authority, or the ability to block Ms. Felts, does not mean that he had the ability or the authority to develop a policy on the use of social media for the *City of St. Louis.*

Here, there is no policy or legislation passed by the Board of Alderman. Mr. Reed was the president of the board of Alderman, a position that is established in the Charter of the City of St. Louis and in the Revised City Code. (App. 384, R. Doc. 167, at 11). The President is an officer of the Board of Alderman, not its own agency, division, or department. (App. 334-34; App. 341-44). The statutes lay out the duties of the President, which include presiding over Board of Alderman

10

meetings. (App. 344)[1]. The President also decides all questions of order, appoint standing committees, sit on committees as the other alderman and assign bills to appropriate committees. (App. 336). There is nothing that states, or even infers that the President of the Board of Alderman has the authority to set social media policy for the City, or even for the Board of Alderman. Further, the City Charter specifically reserves all powers not otherwise enumerated in the Charter to the Board of Alderman, of which Mr. Reed was not the final decision maker. *See* Art. IV, Sec. 23.[2] ("The board of aldermen shall have power by ordinance not inconsistent with this chapter [article] to exercise all the powers of the city and provide all means necessary or proper therefor . . .") If the District Court's erroneous ruling is affirmed, then *Monell* and its progeny have created *respondeat superior* liability. By the District

---

[1] Joint Appendix pages 332-372 are exhibits that were introduced at trial and received by the Court but have not been entered in the electronic district court docket and do not have docket reference.

[2] This Court may take judicial notice of city charters. *Weed v. Jenkins*, 873 F.3d 1023, 1028 (8th Cir. 2017).

Appellate Case: 23-1042    Page: 16    Date Filed: 04/13/2023 Entry ID: 5265112

Court's estimation the City may be liable for any action or any discretionary decision under any particular set of circumstances. That contravenes *Monell* and Eighth Circuit precedence. Therefore, there can be no municipal liability and judgment of the District Court should be reversed.

<u>CONCLUSION</u>

Mr. Reed was not a final policy maker for the City of St. Louis when he took the unilateral action to block Ms. Felts from his Twitter feed. That Mr. Reed had the ability or the discretion to block Ms. Felts does not mean that he had final decisionmaking authority for the Board of Alderman, of which the President is an officer. Because he did not have final decisionmaking authority, his decision was not a policy of the City of St. Louis, and the District Court should be reversed.

12

Respectfully submitted,

SHEENA HAMILTON
City Counselor

*/s/Brandon Laird*
Brandon Laird (Mo. 65564)
Associate City Counselor
City Hall
1200 Market St., Rm. 314
St. Louis, MO 63103
Tel: (314)622-3361
Fax: (314) 622-4956
lairdb@stlouis-mo.gov
*Attorneys for City of St. Louis*

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed with the Court's CM/ECF system on this 7th day of April, 2023, for service by means of the CM/ECF system upon all attorneys of record.

*/s/ Brandon Laird*
Brandon Laird
Associate City Counselor

13

<u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with Fed. R. App. P. 32(a)(7)(B) in that it contains 2,236 words. This brief complies with Fed. R. App. P. 32(a)(5) and (6) in that it contains proportionally-spaced typeface using Microsoft Word 2019 in Century font, size 14. In compliance with 8th Cir. R. 28A(h)(2), I certify that this brief and the addendum have been scanned for viruses and are virus-free.

*/s/ Brandon Laird*
Brandon Laird
Associate City Counselor

14