No. 23-1042

_____

In the
UNITED STATES COURT OF APPEALS
for the EIGHTH CIRCUIT

_____

SARAH FELTS,

Plaintiff/Appellee,

v.

MEGAN E. GREEN, in her official capacity as President of the Board of Aldermen of the City of St. Louis,

Defendant/Appellant.

_____

On Appeal from the United States District Court
Eastern District of Missouri, Eastern Division
The Honorable John A. Ross, District Judge

_____

**REPLY BRIEF OF APPELLANT**
_____

SHEENA HAMILTON
CITY COUNSELOR

By: */s/ Brandon Laird*
Brandon Laird 65564 MO
Associate City Counselor
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
Telephone: 314-622-3361
Facsimile: 622-4956
lairdb@stlouis-mo.gov

# Table of Contents

Table of Contents ........................................................................................ ii

Table of Authorities ................................................................................... iii

Statement of the issues in Reply .............................................................. 1

Summary of the Argument in Reply ........................................................ 2

Argument in Reply .................................................................................... 3

I.   The President of the Board of Alderman is not a final policy .. maker for the City of St. Louis ................................................................. 3

II.   Affirming the District Court's ruling would upend fundamental principles of constitutional municipal liability and operate to impose respondeat superior liability by construing every decision and action of every elected official as an official municipal policy ............................... 8

CONCLUSION ........................................................................................ 10

CERTIFICATE OF SERVICE .................................................................. 11

CERTIFICATE OF COMPLIANCE ......................................................... 12

Appellate Case: 23-1042   Page: 2   Date Filed: 06/02/2023 Entry ID: 5283189

# Table of Authorities

Cases

*Angarita v. St. Louis County*, 981 F.2d 1537 (8th Cir. 1992)..........1, 3, 4

*Colle v. Brazos Cnty., Tex.*, 981 F.2d 237 (5th Cir. 1993)……………...8

*Gonzales v. Westbrook*, 118 F. Supp. 2d 728 (W.D. Tex. 2000)...........7,8

*Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241 (5th Cir. 1993)…….……..6

*McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781 (1997)…………….……6

*Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)……………………….…5

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)……………….…...1, 5

*Pro. Fire Fighters Ass'n, Loc. 3157 v. City of Greensboro*, 64 F. 3d 962, (4th Cir. 1995)…………………………………………………….6, 7

*Robinson v. Hunt County*, 921 F.3d 440 (5th Cir. 2009)…..

*Turner v. Upton County*, 915 F.2d 133 (5th Cir. 1990)……………..….5

Statutes

42 U.S.C. §1983……………………………………………………….5, 8, 9

Other Authority

Art. IV, Sec. 23…………………………………………………………...4

## Statement of the issues in Reply

I.  Whether Lewis Reed, as President of the St. Louis Board of Alderman, has final policy-making authority regarding the City of St. Louis's Social Media Policy.

*Angarita v. St. Louis County*, 981 F.2d 1537 (8th Cir. 1992)

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986)

## Summary of the Argument in Reply

The plaintiff's argument and the District Court's order fundamentally misunderstand the law regarding municipal liability and policy making authority. If this ruling is affirmed, it will essentially serve to hold any municipality liable for the actions of elected officials for any individual act that can be deemed a constitutional violation, whether they are the final policymaker for that area of municipal business or not. Each elected official will be treated as a municipal monarch, able to set any goal or policy on behalf of the City regardless of whether the law provides the Board or its members that authority. In other words, it will establish a form of *respondeat superior* liability, which is precisely what *Monell* and its progeny prohibit.

Felts argument rests on certain statements made by then President of the Board of Alderman that he believed he was free to ignore, essentially, any policy of the City that he chose, including the City's social media policy. However, such statements alone do not provide the legal grounds for holding the municipality liable- in other words, Reed was not the policy maker *for the City of St. Louis* for communications or social media. The powers of the President of the Board of Alderman are

specifically laid out in City's Charter and the City's Code of Ordinances. Legally, any other power of decision-making or policy making, is reserved to the Board of Alderman. So, as a matter of law, the former president of the Board of Alderman is not the final policy-maker for the *City* when it comes to a Twitter account and the City is not liable for Reed's independent actions in this case.

## Argument in Reply

I.  **The President of the Board of Alderman is not a final policy maker for the City of St. Louis**

The President of the Board of Alderman is not an office unto itself, on par for example, with the Mayor of St. Louis. Rather, it is an officer of the Board of Alderman. (App. 333-336) The President is given specific authority to take specific actions under the law (App. 344; 336), but no law authorized Reed to render final social media policy on behalf of the City of St. Louis or even to speak on behalf of the Board of Alderman. This is the detail that distinguishes this case from others that have opined on the issue of municipal liability related to specific policy makers. For instance, in *Angarita v. St. Louis County,* the Chief of St. Louis County police was in the building and briefed on interrogations that were

3

occurring in relation to a criminal investigation. 981 F.2d 1537, 1540-44 (8th Cir. 1992). The Chief also gave instructions on conducting the investigation. *Id.* There, the Court did not find that municipal liability attached to these decisions because the Chief was the final decision maker for the office of the Chief of Police; rather it found that he was the policy maker for the department. *Id.* at 1547. As in that case, the President of the Board of Alderman is an officer of the Board of Alderman; not an office unto themselves. The President has final authority to:

> "...take the Chair at the hour appointed for any meeting of the Board call the members to order and on the appearance of a quorum, preserve decorum and decide all questions of order. The President shall appoint standing and special committees…They shall assign bills to appropriate committees and refer bills, when ready, to the Engrossment Committee."

(App. 336) [1] The City Charter then specifically reserves all powers *not otherwise enumerated* to the Board of Alderman. (Art. IV, Sec. 23)("The

---

[1] Joint Appendix pages 332-372 are exhibits that were introduced at trial and received by the Court but have not been entered in the electronic district court docket and do not have docket references.

4

Board of Alderman shall have power by ordinance not inconsistent with this chapter to exercise *all powers of the City* and provide all means necessary or proper therefor…")(emphasis added) "The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–82 (1986); *citing Oklahoma City v. Tuttle*, 471 U.S. 808, 822-24 (1985). The Court in *Pembaur* concluded that "...municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 483. Here, Reed had no final policymaking authority with respect to the City's social media policy, and his discretionary decision to independently block one Twitter user does not constitute the policy of the City of St. Louis as a matter of law.

The Fifth Circuit has reached a similar conclusion to the 8th Circuit in its cases. In *Turner v. Upton County, Tex*as, the County Sheriff was the final decision maker as it related to law enforcement decisions. 915

5

F.2d 133, 136 (5th Cir. 1990). Again, this was related to decisions made by the County Sheriff related to an investigation and subsequent prosecution. *Id* at 134-35. These are distinct from the decisions made by Reed, who did not make decisions at issue in this case based on the assignment of bills to committee, or appointing a committee, for example. Those are the areas of business to which the President has been granted authority by law. The question to ask is "whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue. *McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 785 (1997). Reed may have exercised his discretion to decide who *he* chose to block on Twitter under these particular and unique circumstances, but Reed had no authority under the law or otherwise to make final policy regarding who the City of St. Louis blocks on Twitter or under what circumstances. This is dispositive. Consequently, liability cannot attach to the City of St. Louis in this case.

Other cases demonstrate this distinction very clearly in other situations. In *Jett v. Dallas Indep. Sch. Dist.,* the Fifth Circuit found a superintendent of a high school had the authority to make final decisions regarding personnel matters, but was still not the policy maker. 7 F.3d

6

1241, 1245-46 (5th Cir. 1993). Similarly, in *Greensboro Pro. Fire Fighters Ass'n, Loc. 3157 v. City of Greensboro*, the Fourth Circuit found that a County Sheriff, who had hiring, firing and promoting authority within his department was not a final policymaker in that area of the County's business- specifically personnel matters. 64 F. 3d 962, 966 (4th Cir. 1995). This was true, the Court found, even though the Sheriff had the authority not only to hire, fire, and promote, but also to create the procedures used in making those decisions. *Id.* Here, even if Reed was endowed with the authority to create a Twitter page and to take actions related to that page, there is nothing that bestows on that person final policy making authority for Twitter, social media, or other communications for Board of Alderman, of which the President is a member.[2]

---

[2] The City has a Social Media policy that is singed by the Director of the Department of Personnel. (App. 364)

## II. Affirming the District Court's ruling makes the decisions and action of every elected law maker an official policy for a municipality

If this discretionary action by Reed is deemed an official policy of the City of St. Louis, then almost any act of a legislator can bind a municipality. Final policymakers are usually empowered by state law to "define objectives and choose the means of achieving them" without supervision by any other governmental officials. *Gonzales v. Westbrook*, 118 F. Supp. 2d 728, 735 (W.D. Tex. 2000); *quoting Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 244 (5th Cir. 1993)(finding that the County Sheriff is a municipal policy maker because he set the goals for the County and determined how those goals would be achieved in the area of law enforcement).

As the President of the Board of Alderman, Reed had the ability to define objectives relating to the debate and passage of ordinances by calling the Board to order, making committee assignments and assigning bills out to those committees. (*See* App. 336). The law prescribes the authority of the President, there is nothing that provides or even delegates the authority to set social media or communication goals for

8

the City or to define the means of achieving them. If the actions of Reed are found to be acts of a policy maker, then any communication or reaction from those communications by any elected law-maker is a policy of the municipality. This is not and cannot be squared with Supreme Court precedent governing municipal liability under 42 U.S.C. §1983. The Board of Alderman has its area of City business to which is it responsible. The President of that Board has, by law, her authority to call other legislative members to order on the appearance of a quorum, to appoint committees, and assign bills, but anything else, including independent and discretionary decisions taken in a moment on a social media platform, is plainly outside of any official policy making authority the President may have on behalf of *the City of St. Louis*. Plaintiff testified that she followed and replied to Twitter accounts of other elected City officials. (App. 254-257; R. Doc. 154., pp. 61-64) When those officials did not block Plaintiff, then, under this argument, must also have been creating City policy. If this is true, then the "policy" created by Reed could not have been the driving force in any alleged constitutional violation, because it necessarily was not the policy of the City of St. Louis. In sum, Reed's actions were his own. They do not, as a matter of law, constitute

9

the official policy of the City of St. Louis sufficient to hold the City liable under Section 1983.

## CONCLUSION

The actions of the former president of the Board of Alderman, in regards to his Twitter account, are not the official policy of the City of St. Louis. The President, an officer of the Board of Alderman, does not speak for the City in that area of the City's business. Such a ruling essentially empowers all elected officials with the ability to make official policy for the City of St. Louis by their independent and discretionary actions where they are not empowered by law to do so.. So, liability does not attach to the City in this case and the verdict in this case should be vacated and reversed.

Respectfully submitted,

SHEENA HAMILTON
City Counselor

*/s/Brandon Laird*
Brandon Laird (Mo. 65564)
Associate City Counselor
City Hall
1200 Market St., Rm. 314
St. Louis, MO 63103
Tel: (314)622-3361
Fax: (314) 622-4956
lairdb@stlouis-mo.gov
*Attorneys for City of St. Louis*

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was electronically filed with the Court's CM/ECF system on this 2nd day of June, 2023, for service by means of the CM/ECF system upon all attorneys of record.

*/s/ Brandon Laird*
Brandon Laird
Associate City Counselor

11

## CERTIFICATE OF COMPLIANCE

This brief complies with Fed. R. App. P. 32(a)(7)(B) in that it contains 1,852 words. This brief complies with Fed. R. App. P. 32(a)(5) and (6) in that it contains proportionally-spaced typeface using Microsoft Word 2019 in Century font, size 14. In compliance with 8th Cir. R. 28A(h)(2), I certify that this brief and the addendum have been scanned for viruses and are virus-free.

*/s/ Brandon Laird*
Brandon Laird
Associate City Counselor
